JINA L. CHOI (NY Bar No. 2699718)
STEVEN BUCHHOLZ (Cal. Bar No. 202638)
JENNIFER J. LEE (Cal. Bar No. 261399)
 Leejen@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, California 94104
Telephone:  (415) 705-2500
Facsimile:  (415) 705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>JOHN GRAY, CHRISTIAN KELLER, KYLE MARTIN, and AARON SHEPARD,<br><br>Defendants. | Case No. C-<br><br>**CONSENT OF DEFENDANT CHRISTIAN KELLER** |

Defendant Christian Keller ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

1. Without admitting or denying the allegations of the complaint (except as provided herein in paragraph 9 and except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

    (a) permanently restrains and enjoins Defendant from violation of Sections 10(b) and 14(e) of the Securities Exchange Act of 1934 ("Exchange Act") and Rules 10b-5 and 14e-3 thereunder;

    (b) orders Defendant to pay disgorgement in the amount of $52,000.00, plus prejudgment interest thereon in the amount of $4,002.30; and

    (c)  orders Defendant to pay a civil monetary penalty in the amount of $417,468.73 under Section 21A(a) of the Exchange Act.

2. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

3. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

4. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

5. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

6. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

7. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

8. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory

1 organizations. Such collateral consequences include, but are not limited to, a statutory
2 disqualification with respect to membership or participation in, or association with a member of, a
3 self-regulatory organization. This statutory disqualification has consequences that are separate from
4 any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding
5 before the Commission based on the entry of the injunction in this action, Defendant understands that
6 he shall not be permitted to contest the factual allegations of the complaint in this action.

7      9. Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e),
8 which provides in part that it is the Commission's policy "not to permit a defendant or respondent to
9 consent to a judgment or order that imposes a sanction while denying the allegations in the complaint
10 or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the
11 defendant or respondent states that he neither admits nor denies the allegations." As part of
12 Defendant's agreement to comply with the terms of Section 202.5(e), Defendant: (i) will not take
13 any action or make or permit to be made any public statement denying, directly or indirectly, any
14 allegation in the complaint or creating the impression that the complaint is without factual basis; (ii)
15 will not make or permit to be made any public statement to the effect that Defendant does not admit
16 the allegations of the complaint, or that this Consent contains no admission of the allegations, without
17 also stating that Defendant does not deny the allegations; (iii) upon the filing of this Consent,
18 Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation
19 in the complaint; and (iv) stipulates solely for purposes of exceptions to discharge set forth in Section
20 523 of the Bankruptcy Code, 11 U.S.C. § 523, that the allegations in the complaint are true, and
21 further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by
22 Defendant under the Final Judgment or any other judgment, order, consent order, decree or settlement
23 agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the
24 federal securities laws or any regulation or order issued under such laws, as set forth in Section
25 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19). If Defendant breaches this agreement,
26 the Commission may petition the Court to vacate the Final Judgment and restore this action to its
27 active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right
28

to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

10. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

11. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Defendant in any United States District Court for purposes of enforcing any such subpoena.

12. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

//
//
//
//
//

13. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 1/13/15

_Christian Keller_ (signature)
Christian Keller

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California )
County of ~~San Francisco~~ SAN MATEO )
Paul Poon, Notary

On January 13, 2015, before me, PAUL POON, a Notary Public, personally appeared Christian Keller, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Paul Poon_

PAUL POON
Commission # 2030506
Notary Public - California
San Mateo County
My Comm. Expires Jul 20, 2017

Approved as to form:

_/s/ Timothy Crudo_
Timothy Crudo, Esq.
Coblentz Patch Duffy & Bass LLP
One Ferry Building, Suite 200
San Francisco, CA 94111
Attorney for Christian Keller